# SUPREME COURT.

JOHN L. SUTHERLAND, Executor, etc., agt. FRANCES S. CLARK.
and others.

*Will — ambiguity, construction of words — Intention to control.*

The testator devised a house and lot to his wife, and authorized his exe-
cutors "to pay off any mortgages or other incumbrances there may be
on said house and lot at my death, provided the title is in me;" but it
appeared that when the testator purchased these premises, in 1874, the
conveyance was made directly to his wife, and the title remained in
her up to his death. She in the deed assumed payment of a mortgage
upon the property. The payment upon the purchase-price was paid
by the testator, and he paid the taxes and a portion of the principal
of the mortgage, and personally guaranteed the payment of the
remainder:

*Held,* that the testator meant that the executors should pay off this mort-
gage if the title remained at his death in the condition in which he had
placed it.

The questions raised in the answers, upon affairs of administration and
payment of legacies, as no questions of doubt arise, are proper matters
for legal redress, and are not to be interjected in an action for the con-
struction of a will.

*Special Term, June,* 1881.

*A. Van Sinderen* and *S. P. Nash,* for plaintiffs.

*John N. Whiting,* for Mrs. Frances S. Clark.

*C. B. Alexander* and *John L. Sutherland,* for other
defendants.

VAN VORST, *J.*— The eighth clause of the will of the tes-
tator, Lot C. Clark, is in these words : " I devise the house
and lot No. 30 West Seventeenth street, in the city of New
York, to my beloved wife, Frances Sutherland Clark, her
heirs and assigns forever; and I authorize my executors to
pay off any mortgage or other incumbrances there may be on
said house and lot at my death ; provided the title is in me."

The fact in regard to the house and lot in question is that the testator never had title thereto, and in form the devise is inoperative. These premises were originally purchased, in the year 1874, by the testator, and a conveyance thereof was then made by the grantors directly to Frances Sutherland Clark, the wife of the testator, and the title remained in her at all times up to his death. The cash paid on the purchase was furnished by the testator, and all taxes due against the premises were also paid by him, and he kept the premises in repair. At the time of the agreement to purchase there was a subsisting incumbrance upon the property, in the form of a mortgage, amounting to twenty thousand dollars, which, by the terms of the contract, the testator assumed to pay. The contract is dated February 2, 1874. In the deed of the premises to Frances S. Clark, subsequently, and on the 5th of February, 1874, executed, this mortgage was described, and the grantee assumed its payment. The testator, with his wife and daughter, occupied the house up to the time of his death. In addition to the taxes, he also paid the interest on the mortgage, and in the year 1879 he made a payment on the principal sum secured thereby of five thousand dollars. Subsequently, and in the lifetime of Mr. Clark, the testator, and at his instance, this mortgage was assigned to the trustees under the will of Hugh Munro, deceased, and is now held by them. And the testator, by an instrument in writing, executed by him, personally guaranteed the payment of the mortgage, principal and interest. The question arises whether the duty is cast upon the executors, under the will of the testator, to pay the sum remaining due upon this mortgage. The facts above disclosed show clearly enough that the testator designed to pay it himself, and had he lived he would have, without doubt, done so ; for when the mortgage was assigned, at the testator's request, to the present owners, thereof, upon his being asked if he would have the payment extended three or four years, he said " no ; that he did not wish to extend it ; that he intended to pay it off within six

months or a year; he wished to reserve the right to do so; * * * that he would pay it very soon; it might be an inconvenience and trouble to his wife if he should be taken away."

The devise taken as a whole, accompanied as it is with an authorization to his executors to pay off any mortgage or other incumbrance there might be on the house and lot at the testator's death, presents questions of doubt, and necessitates judicial determination, which is aided by the extrinsic facts to which reference has been made. The testator was a lawyer, and must have known that a devise of lands to which he had no title would be inoperative. He evidently intended a substantial benefit to his wife, and would scarcely, in so solemn an act as his last will and testament, delude her with an empty display of bounty. It is barely possible that the testator had forgotten that he had already placed the title to this property in his wife, and supposing it to be in himself made the authorization to the executors, so as to completely perfect the gift to her, discharged of the mortgage. In such case I should conclude that effect should be given to the testator's manifest intention — that the mortgage should be paid by his executors out of his personal estate, which is in any event liable on his covenant of guarantee for any deficiency which might arise should the mortgage be foreclosed and the premises fail to yield a sum sufficient to pay the amount due thereon. But were it otherwise, so that the testator distinctly knew how the title stood when he made his will, it gives place to the idea that he made a useless gift, unless the executors are concerned to pay off this mortgage, as the contemplated donee already owned the house subject to the mortgage.

It is the business of the court to ascertain the testator's intentions, and to give effect to his intentions, so that his testamentary disposition may be substantially effectuated, and that the donee should really receive every benefit the will was designed to bestow and through the means the testator contemplated.

In any view of the case, I cannot avoid the conclusion, under

Sutherland agt. Clark.

all the facts and circumstances proper to be considered in construction, that the testator intended to relieve his wife from the obligation he had imposed upon her through the conveyance of the premises, which contained an obligation on her part to pay the mortgage. The business in regard to such conveyance was wholly transacted by him. His subsequent guarantee of payment of this mortgage, and of its value as a security, at his own instance voluntarily assumed, is clear evidence of his intention to relieve her of its burden. In this view the devise would, in effect, read that his executors should pay off the mortgage if the title remained, at the death of the testator, as it stood when he made his will — that is, if the premises had not been conveyed away by his wife. The testator's affection for his wife had prompted him to cause her to be invested with the title — he meant that she should have it free and clear — and the devise in question, through the direction to the executors to pay the incumbrances makes the testamentary disposition substantial and effective and in harmony with the testator's acts and intentions. Good faith in interpretation and construction means that we take the words of the testator fairly as they were intended. That he meant that the executors should pay off this mortgage if the title remained at his death in the condition in which he had placed it, I cannot doubt ; and hence the construction of the devise is, that they should pay and discharge the mortgage and other incumbrances, if any, existing at his death upon the premises, in the course of the due administration of the estate. And this conclusion is the more reasonable in the light of the fact that, to the knowledge of the testator, his wife had no means to pay off the incumbrance created by the mortgage, except through the premises in question, which he clearly intended as a home ; and that they should be sold to pay off this mortgage, was clearly not intended by him. He did not wish that this mortgage should be " an inconvenience and trouble to his wife if he should be taken away." And this inconvenience and trouble which he would spare her can

only be avoided through the payment, by the executors, of this mortgage, as I think the testator clearly meant that they should.

As this is not an action for an accounting in regard to the general administration of the estate, nor for a decree looking to a settlement of all rights and interests, and a distribution of the property among those entitled, it is not important, and I think it quite out of place, to pass upon the questions raised with respect to the tenth and eleventh clauses of the will, concerning the application of the income of certain bonds disposed of by the will. There is nothing ambiguous in the testamentary disposition with respect to this income. The rights of the parties to this income are legal, and no question as to construction arises. And the result is the same in respect to the matters suggested in that portion of the answer of the defendant Hiram C. Clark, called a counter-claim. Neither of these matters are germane to the question of construction arising with respect to the devise of the house and lot to the wife of the testator; in that regard a real difficulty arises, which may well give occasion to an action for construction. Affairs of administration, and payment of legacies, where no questions of doubt arise, give occasion for legal redress, and are not to be interjected in an action for the construction of a will. Besides, such matters are not to be taken up by piece-meal in this action, leaving other duties imposed upon the executors, and rights and interests in others, open and uncared for (*Powell* agt. *Demming*, 22 *Hun*, 235).

The evidence, in a general way, shows that the testator left means sufficient to satisfy all claims and legacies provided for in his will. And the executors will doubtless discharge their duties towards all claimants in the due and proper administration of the estate, and sedulously guard the interest of all who have been provided for, so that no interest will be overlooked.

All that is proper to be done at this time is to construe the only claim in the will in respect to which doubt or ambiguity is alleged to exist, and that relates to the duties of the executors with respect to the mortgage and incumbrances on the

house and lot in question. All other rights are to be enforced in the usual way, and, if occasion should require, by an appropriate action, or upon the accounting in the surrogate's court; and the result reached here is without prejudice to such rights and appropriate remedies.